IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARLOS MOLINA, EDWIN MOLINA, DANA SISCO, and PERCY ARELLANO, | ) ) ) |
| Plaintiffs, | ) Case No. 16-cv-6762 ) ) |
| v. | ) ) Judge Samuel Der-Yeghiayan |
| VETERANS DISTRIBUTION OF CHICAGO, INC., formerly known as VETERANS MESSENGER SERVICE, INC., and WILLIAM FACTOR, | ) ) ) ) ) |
| Defendants. | ) |

**THE PARTIES' AGREED MOTION FOR APPROVAL OF THEIR CONFIDENTIAL SETTLEMENT AGREEMENT**

Plaintiffs, Carlos Molina, Edwin Molina, Dana Sisco, and Percy Arellano ("Plaintiffs"), by and through their attorneys, Hughes Socol Piers Resnick & Dym, Ltd., and Defendants, Veterans Distribution of Chicago, Inc., and William Factor ("Defendants"), by and through their attorneys, Laner Muchin, Ltd., hereby move this Honorable Court for approval of their Confidential Settlement Agreement and dismissal of the case with prejudice:

1.  Plaintiffs brought this action against Defendants, alleging that they were misclassified as independent contractors, that they should have been considered Veterans' employees, and that they were not paid the full amounts owed to them by Veterans. More specifically, Plaintiffs allege that Veterans failed to pay Plaintiffs all commissions and overtime pay allegedly owed to them by Veterans, and Veterans made certain deductions from their commissions without their consent. Plaintiffs also allege that irrespective of whether they were employees or independent contractors, Veterans breached their independent contractor

agreements by allegedly not paying the full amounts owed to them. Plaintiffs' claims arise out of the Fair Labor Standards Act ("FLSA"), the Illinois Wage Payment and Collection Act ("IWPCA"), the Illinois Minimum Wage Law ("IMWL"), and Illinois common law.

2. Defendants maintain that Plaintiffs were properly classified as independent contractors, Plaintiffs were paid all amounts owed to them under their independent contractor agreements, and that all deductions from Plaintiffs' commissions were made with Plaintiffs' prior knowledge and consent.

3. Over the past three years, both Plaintiffs' Counsel and Defendants' Counsel have litigated similar claims against each other involving more than 125 other Veterans drivers. In the course of litigating those claims, the parties have exchanged thousands of pages of documents and are very familiar with Veterans' practices with respect to deductions from wages, independent contractor classification, and payment of commissions.

4. The Parties agreed that Plaintiffs would file this action in order to seek Court approval of the Confidential Settlement Agreement reached between the Parties, including, but not limited to, approval of the release of Plaintiffs' FLSA, IMWL, and IWPCA claims against Defendants.

5. Contemporaneously with the filing of this Motion, the Parties have tendered a copy of the Confidential Settlement Agreement executed by the Parties to the Judge's chambers for *in camera* review. The Confidential Settlement Agreement identifies all terms of the settlement, including the individual settlement awards to be paid to each Plaintiff and the attorneys' fee award to be paid to Plaintiffs' counsel.

6. The Parties have attached a Proposed Order to this Motion and submitted it via e-mail to the Court's Courtroom Deputy.

7. The Proposed Order dismisses the case without prejudice with leave to reinstate on or before October 15, 2016, solely for purposes of enforcing the parties' settlement agreement.

8. If Plaintiffs do not file a motion to reinstate on or before October 15, 2016, then, under the terms of the Proposed Order, the dismissal will convert automatically to a dismissal with prejudice, all parties to bear their own attorneys' fees and costs.

WHEREFORE, Plaintiffs and Defendants respectfully request that the Court enter the attached Proposed Order or an Order substantially similar to it in which the Court approves of the Confidential Settlement Agreement, including the release of Plaintiffs' claims against Defendants, and dismisses Plaintiffs' Complaint without prejudice with leave to reinstate on or before October 15, 2016, solely for purposes of enforcing the parties' settlement agreement.

Dated: July 11, 2016                                CARLOS MOLINA, EDWIN MOLINA,
                                                    DANA SISCO, and PERCY ARELLANO,

                                                    By: s/Christopher J. Wilmes
                                                        Plaintiffs' Attorney

Christopher J. Wilmes (6287688)
Hughes Socol Piers Resnick & Dym, Ltd.
70 W. Madison St., Suite 4000
Chicago, IL 60602
(312) 604-2636
cwilmes@HSPLEGAL.COM

4

| | |
|---|---|
| Dated: July 11, 2016 | VETERANS DISTRIBUTION OF CHICAGO, INC. and WILLIAM FACTOR, |
| | By: s/Heather Becker |
| | One of Defendants' Attorneys |

Heather Becker (6280584)
David Moore (6283568)
Laner Muchin, Ltd.
515 N. State Street, Suite 2800
Chicago, Illinois 60654
(312) 467-9800
hbecker@lanermuchin.com
dmoore@lanermuchin.com